**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ELIZABETH "LIBBY" ANDREWS,

      Plaintiff,

           v.

MICHAEL DRU KELLEY and EQUAL ENTERTAINMENT, LLC,

      Defendants.

No. 1:25-CV-01676

Judge Edmond E. Chang

**MEMORANDUM OPINION AND ORDER**

Elizabeth "Libby" Andrews alleges that Michael Dru Kelley defamed her by publishing a statement in an article in Advocate Magazine and online at Advocate.com (together, "The Advocate"). R. 1, Compl. ¶¶ 18–21.[1] She brought this defamation *per se* case against Kelley, as well as the magazine's publisher, Equal Entertainment, LLC. *Id.* ¶¶ 2–3, 22–43, 56–77.[2] The Defendants move to dismiss all counts, arguing that the allegedly defamatory statement does not fall into any recognized

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. The Court has diversity jurisdiction over this case. 28 U.S.C. § 1332. Andrews is domiciled in Illinois. R. 15, Status Report ¶ 1(a). Kelley is domiciled in Florida. *Id.* Equal Entertainment, LLC is a Delaware limited liability company (its principal place of business is in California, though that is immaterial). *Id.* The two members of Equal Entertainment, LLC are domiciled in Florida and Oregon. *Id.* And the amount-in-controversy requirement is met because it is not impossible that damages could exceed $75,000. Compl. ¶ 89.

[2]The Court understands Counts 2 and 4 to be for punitive damages against Kelley and Equal Entertainment. Compl. ¶¶ 55, 89. Under current First Amendment doctrine, punitive damages may not be imposed absent a showing of actual malice when the speech addresses a matter of public concern. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1020 (Ill. 2008).

category of defamation *per se*, among other things. R. 12, Defs.' Mot. That is correct, so the motion to dismiss is granted, though the dismissal is without prejudice for now.

## I. Background

For the purposes of this motion, the Court accepts as true the allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c).

The Advocate is a national LGBTQ-owned media and digital publishing company. Compl. ¶ 4. Kelley is a writer for The Advocate. *Id.* ¶ 2. In October 2024, The Advocate published an article by Kelley titled, "To prevent post-election violence, businesses need to exercise 'Citizens United' rights."[3] *Id.* ¶ 18; *see also* R. 1, Compl. Exh. A, Article at 1. The article discussed how some employers fired employees who had been identified as participants in the attack on the Capitol on January 6, 2021, and encouraged employers to let their employees know that job termination may be a consequence if they participate in violent civil unrest or unlawful election disruption. *See generally* Article. Kelley began the article with the following statement: "Before the very first offenders were even indicted on criminal charges for their participation in the January 6, 2021, insurrection attack on the Capitol, American companies were wasting no time firing identified attackers who were their employees." *Id.* at 1. The allegedly defamatory statement comes two paragraphs later: "Libby Andrews, who worked for a Chicago real estate company, found out through a company email blast that she was also terminated even before indicted." *Id.*

Andrews claims that the statement is defamatory because she has never been indicted for her presence near the Capitol on January 6. Compl. ¶¶ 26–27, 59–60. She alleges that Kelley and Equal Entertainment were negligent in publishing the statements, and that they caused the statements to be published with actual malice and a reckless disregard for the truth of whether Andrews had ever been indicted. *Id.* ¶¶ 25, 47, 59, 81. The Complaint sets out four counts. Counts 1 and 3 assert claims for defamation *per se* against Kelley and Equal Entertainment, respectively. *Id.* ¶¶ 22–43, 56–77. Counts 2 and 4 assert parallel claims for punitive damages. *Id.* ¶¶ 44–55, 78–89.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting

---

[3]Andrews also alleges that The Advocate published the article under the title, "Here's what employers should do to help prevent another violent insurrection." Compl. ¶ 18.

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task …" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

Andrews alleges defamation claims against the Defendants based on statements (detailed below) made by Kelley in the article. A statement is defamatory if it causes reputational harm, lowering that "person in the eyes of the community." *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996). To successfully state a defamation claim, a plaintiff must "allege facts establishing that the defendant made a false statement about the plaintiff, that the defendant made an

unprivileged publication of that statement to a third party, and that this publication caused damages." *Bianchi v. McQueen*, 58 N.E.3d 680, 701 (Ill. App. Ct. 2016) (citing *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 839 (Ill. 2006)). A publication that is defamatory on its face is actionable as defamation *per se*. *Solaia*, 852 N.E.2d at 839. Statements are defamatory *per se* "when the defamatory character of the statement is apparent on its face; that is, when the words are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed." *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 206 (Ill. 1992). Only certain types of statements are actionable *per se*, and plaintiffs alleging *per se* defamation do not need to plead actual damage to their reputations. *See Solaia*, 852 N.E.2d at 839; *Bryson*, 672 N.E.2d at 1214. One of the categories of statements considered actionable *per se* is "words that impute the commission of a criminal offense." *Bryson*, 672 N.E.2d at 1214.

Andrews alleges that Kelley defamed her by, in her view, saying that Andrews had been indicted, when in fact she has not. The statement refers to Andrews's being fired "even before indicted" (the bold-face emphases are supplied by Andrews):

> Before the very first offenders were even indicted on criminal charges for their participation in the January 6, 2021, insurrection attack on the Capitol, American companies were wasting no time firing identified attackers who were their employees. … **Libby Andrews**, who worked for a Chicago real estate company, found out through a company email blast that **she was also terminated even before indicted**.

5

Compl. ¶¶ 19–20; Article at 1; *see also* R. 17, Pl.'s Resp. Br. at 1. Andrews also alleges that she suffered injury as a result of the publication of the statement. Compl. ¶ 21.

In their motion to dismiss, the Defendants argue that Andrews cannot bring a claim for defamation *per se* because (1) the statement does not falsely impute the commission of any specific crime, and thus does not fall into a recognized defamation *per se* category; (2) even if the statement is defamatory *per se*, it is reasonably capable of innocent construction; and (3) the statement is not defamatory *per se* because it is substantially true. R. 13, Defs.' Br. at 3–9. In response, Andrews contends that the statement is defamatory *per se* because the phrase "even before indicted," when read in context, imputes that she committed the crime of participating in the attack at the Capitol. Pl.'s Resp. Br. at 2. Andrews also argues that the statement is not reasonably capable of innocent construction, and the "gist" of the statement is not substantially true. *Id.* at 5–9.

To qualify as defamation *per se*, a statement must impute the commission of an indictable crime "involving moral turpitude and punishable by death or imprisonment, not by a fine." *Kapotas v. Better Gov't Ass'n*, 30 N.E.3d 572, 590 (Ill. App. Ct. 2015). "Although the words do not need to meet the technical requirements for an indictment, they must fairly impute the commission of a crime." *Id.* And "the use of a term which has a broader, noncriminal meaning does not impute the commission of a crime." *Id.*

6

Under Illinois law, state courts have held that statements that an individual has been interviewed by police, arrested, or even *charged* with an offense do not impute the commission of a crime. *Kapotas*, 30 N.E.3d at 590; *see also Hurst v. Capital Cities Media, Inc.*, 754 N.E.2d 429, 433–34 (Ill. App. Ct. 2001); *Adams v. Sussman & Hertzberg, Ltd.*, 684 N.E.2d935, 947 (Ill. App. Ct. 1997); *Trembois v. Standard Ry. Equipment Mfg. Co.*, 84 N.E.2d 862, 866 (Ill. App. Ct. 1949). The rationale is simple and rooted in fundamental criminal law principles: it is not "evidence of guilt" to be interviewed by police, to be arrested, or even to be charged in an indictment. *Trembois*, 84 N.E.2d at 866; *see also Adams*, 684 N.E.2d at 947; *Hurst*, 754 N.E.2d at 434. Police only need probable cause to arrest an individual for a crime, *Beck v. Ohio*, 379 U.S. 89, 96–97 (1964), and prosecutors only need probable cause to file a criminal charge, *Gerstein v. Pugh*, 420 U.S. 103, 116–17 (1975). A grand jury likewise does not determine the guilt or innocence of an individual; it instead "performs 'the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *In re Walsh*, 623 F.2d 489, 492 (7th Cir. 1980) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972)); *see also United States v. Calandra*, 414 U.S. 338, 343–344 (1974) ("A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.").

Because a grand jury indictment does not require more than probable cause, the Defendants are right that the statement—"even before indicted"—does not impute the commission of a crime, and thus the statement is not defamatory *per se*. Andrews argues that the article identifies her as an "attacker" who was fired by her employer even before she "was indicted," when she was never actually indicted. Pl.'s Resp. Br. at 2, 4. But even if Kelley had explicitly (and falsely) wrote that Andrews had been indicted, that would not qualify as defamatory *per se* because it is not "evidence of guilt." *Trembois*, 84 N.E.2d at 866. To be sure, it is conceivable that the common law of defamation could have developed in another direction, sweeping in false statements of indictment as sufficient for defamation *per se*. But that is not what happened in Illinois law. The statement does not constitute defamation *per se*, so Andrews has failed to adequately state a claim. Given this holding, there is no need to decide the parties' arguments on innocent construction, substantial truth, and issue preclusion. Defs.' Mot. at 5–9; Pl.'s Resp. Br. at 5–9.

### IV. Conclusion

The current complaint is dismissed, though without prejudice given that Andrews has not yet had a chance to amend the complaint. The amended complaint, if

any, is due on April 13, 2026. If no amended complaint is filed, then the dismissal of the claims will automatically convert to a dismissal with prejudice.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2026